# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| TREVOR SELL, derivatively on behalf of TWIST BIOSCIENCE CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> EMILY M. LEPROUST, JAMES M. THORBURN, WILLIAM BANYAI, ROBERT CHESS, NELSON C. CHAN, KEITH CRANDELL, JAN JOHANNESSEN, ROBERT RAGUSA, MELISSA A. STAROVASNIK, and PATRICK WEISS, <br><br> Defendants, <br><br> and <br><br> TWIST BIOSCIENCE CORPORATION, <br><br> Nominal Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE COMPLAINT UNDER SEAL

Plaintiff Trevor Sell ("Plaintiff"), by his attorneys, hereby requests leave to file his Verified Stockholder Derivative Complaint (the "Complaint") in the above-captioned action (the "Action") under seal. In support of this Motion, Plaintiff states as follows:

1. This Action is a shareholder derivative action brought by Plaintiff on behalf of nominal defendant Twist Bioscience Corporation ("Twist" or the "Company"), against certain of the Company's current and/or former directors and officers for violations of the federal securities laws, and for breach of fiduciary duties and unjust enrichment under Delaware law.

2. In response to a books and records inspection demand made by Plaintiff pursuant to 8 *Del. C.* § 220 ("Section 220"), and pursuant to a confidentiality agreement executed by the parties (the "Agreement"), Twist provided certain documents to Plaintiff, which the Company claims contain non-public and confidential commercial, business, financial, or proprietary information of the Company. The Agreement provided that "'Confidential Inspection Material' means any documents and information made available by Twist for inspection by the [Plaintiff] or his respective agents or representatives," and that "[i]n the event that the [Plaintiff] decides to use Confidential Inspection Material in any complaint or other pleading or court document, such documents shall be filed under seal. . . ."

3. A substantial amount of information cited and relied upon in the Complaint is drawn from documents that were designated Confidential Inspection Material by the Company pursuant to the Agreement. Among other things, these documents include minutes of meetings of the Company's Board of Directors and committees thereof. Accordingly, Plaintiff is obligated to initially file such information under seal. To the best of the Plaintiff's knowledge, none of this information is publicly available.

4. Therefore, Plaintiff respectfully requests the Court's permission to file his Complaint under seal.

5. In *Littlejohn v Bic Corp.*, the Third Circuit held that the right of access to judicial proceedings and records "is not absolute." 851 F.2d 673, 678 (3d Cir. 1988) (citing *Nixon v Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "Under certain limited circumstances . . . courts may restrict or altogether close judicial processes to the public." *United States v. Wecht*, 484 F.3d 194, 206 (3d Cir. 2007). Indeed, "[c]ourts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive

standing." *Littlejohn*, 851 F.2d at 678 (quoting *Nixon*, 435 U.S. at 598); *see also Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) ("Documents containing trade secrets or other confidential business information may be protected from disclosure."). Based on Twist's representations that its Section 220 document production to Plaintiff contains confidential information, the Court should allow Plaintiff to file the Complaint under seal.

WHEREFORE, Plaintiff respectfully requests leave to file his Complaint in this Action under seal. Plaintiff will promptly provide Twist with the unredacted Complaint for its review for any information the Company believes to be nonpublic, confidential, proprietary, or commercially sensitive. Thereafter, Plaintiff will submit a public version of the Complaint that redacts confidential information within seven (7) days.

| | |
|---|---|
| Dated: November 13, 2025 | Respectfully submitted, |
| | **RIGRODSKY LAW, P.A.** |
| **OF COUNSEL:** | */s/ Gina M. Serra* |
| | Seth D. Rigrodsky (#3147) |
| **SHUMAN, GLENN & STECKER** | Gina M. Serra (#5387) |
| Rusty E. Glenn | Herbert W. Mondros (#3308) |
| 600 17th Street, Suite 2800 South | 1007 North Orange Street, Suite 453 |
| Denver, CO 80202 | Wilmington, DE 19801 |
| Telephone: (303) 861-3003 | Telephone: (302) 295-5310 |
| Facsimile: (303) 536-7849 | Facsimile: (302) 654-7530 |
| Email: rusty@shumanlawfirm.com | Email: sdr@rl-legal.com |
| | Email: gms@rl-legal.com |
| **SHUMAN, GLENN & STECKER** | Email: hwm@rl-legal.com |
| Brett D. Stecker | |
| 326 W. Lancaster Avenue | *Attorneys for Plaintiff* |
| Ardmore, PA 19003 | |
| Telephone: (303) 861-3003 | |
| Facsimile: (303) 536-7849 | |
| Email: brett@shumanlawfirm.com | |

**POMERANTZ LLP**
Gustavo F. Bruckner
Samuel J. Adams
Ankita Sangwan
600 Third Avenue
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: gfbruckner@pomlaw.com
Email: sjadams@pomlaw.com
Email: asangwan@pomlaw.com